UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY PAYNE,<br><br>    Plaintiff,<br><br>v.<br><br>KEVIN GENOVESE, et al.,<br><br>    Defendants. | Case No. 3:17-cv-1410<br><br>Chief Judge Crenshaw<br>Magistrate Judge Newbern |

To the Honorable Waverly D. Crenshaw, Chief District Judge

## REPORT AND RECOMMENDATION

    Plaintiff Larry Payne's motion for a preliminary injunction and temporary restraining order (Doc. No. 2) is before the Magistrate Judge for a report and recommendation. For the reasons that follow, the undersigned RECOMMENDS that this motion be denied.

### I.    Background

    On October 27, 2017, Payne filed a complaint for civil rights violations under 42 U.S.C. § 1983 against Defendants Kevin Genovese, Stacey Oats, Jason Clendenion, and Rita Edwards (Doc. No. 1) and an application for leave to proceed in forma pauperis (Doc. No. 6). Payne also filed a motion for preliminary injunction and temporary restraining order (Doc. No. 2), to which Defendants have responded (Doc. No. 33). On November 20, 2017, the Court granted Payne's application to proceed in forma pauperis, found that Payne sufficiently stated claims for deliberate indifference to his serious medical needs and retaliation against all defendants, and ordered service of Payne's complaint. (Doc. No. 10.)

In his motion, Payne asks the Court to issue an order to: (1) relocate him to a "flat land facility/prison such as: Whiteville Correctional Facility;" (2) have the Tennessee Department of Corrections (TDOC) order him "special custom shoes;" (3) require TDOC Commissioner Tony Parker "to enforce all directives given by [Turney Center Industrial Complex, or TCIX] doctors . . . to TCIX administration pertaining to [his] medical needs;" and (4) temporarily restrain the defendants "from accidentally or intentionally destroying, shredding, altering, deleting, or erasing any of TCIX documents . . . that pertain to the events of this complaint . . . until this action is terminated against all defendants." (Doc. No. 2, Page ID# 40.) Defendants oppose Payne's motion, arguing that, because Parker is not a defendant, the court may not issue an injunction against him; that Payne has failed to establish that he will suffer from irreparable harm absent injunctive relief; and that a court order to transfer Payne would not serve the public interest. (Doc. No. 33, PageID# 159-60.)

## II. Legal Standard

The Court considers the same factors in determining whether to issue a temporary restraining order (TRO) or a preliminary injunction, *see Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). Both forms of relief are "extraordinary and drastic remed[ies] . . . never awarded as of right," *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008). Instead, they may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

In determining whether to grant an injunction, the court examines several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the

2

public interest. *See Samuel v. Herrick Mem'l Hosp.*, 201 F.3d 830, 833 (6th Cir. 2000). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991). "In each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987).

"[T]he demonstration of some irreparable injury is a sine qua non for issuance of an injunction." *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002). Merely showing the possibility of irreparable harm is not sufficient; the plaintiff must demonstrate that "irreparable injury is likely in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008). Moreover, "a finding that there is simply no likelihood of success on the merits is usually fatal" to a request for injunctive relief. *Gonzales v. Nat'l Bd. Of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). The movant bears a heavy burden to demonstrate his entitlement to an injunction. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary*, 228 F.3d at 739. An injunction is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Finally, the Court lacks personal jurisdiction to issue "an injunction against a person not served with process." *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006).

### III. Analysis

The Court need not undertake a detailed discussion of the propriety of injunctive relief here because Payne has either obtained the relief that he requested or the relief requested is unavailable. Payne's first two requests for relief have already been satisfied. Payne sought a transfer to a "flat land facility" such as the WFCA and an order directing defendants to order him a special pair of shoes. On February 9, 2018, Payne was transferred to the WFCA (Doc. No. 40, PageID# 250), and, on March 29, 2018, Payne received a pair of custom-made shoes (Doc. No. 51-3, 51-4).

Payne's third request cannot be satisfied even if the Court were to grant Payne's motion. Payne sought an order directing TDOC Commissioner Tony Parker to require the Turney Center administration to enforce the orders of Payne's doctors. Parker is not a defendant to this action; therefore, the Court cannot order him to comply with Payne's request. Even if Parker were a defendant, Payne is no longer housed at the Turney Center and any claim for injunctive relief against its doctors is now moot.

Finally, Payne sought an order prohibiting Defendants from destroying evidence. "As a general matter, it is beyond question that a party to civil litigation has a duty to preserve relevant information" when that party "has notice that the evidence is relevant to litigation or . . . should have known that the evidence may be relevant to future litigation." *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (citing *Fujitsu Ltd. V. Federal Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) (recognizing that "[t]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation"); *Silvestri v. General Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001) ("The duty to preserve material evidence arises not only during litigation but also extends to that period before

4

the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation.") That duty extends to any relevant documents created after the duty to preserve initially attaches. *Nacco Materials Handling Grp., Inc. v. Lilly Co.*, 278 F.R.D. 395, 403 (W.D. Tenn. 2011). By the time Payne filed his motion, Defendants' duty to preserve was already in place. As such, there is no need for the Court to enter an order directing Defendants to do what they have been obligated to do since the beginning of this litigation, if not before.[1]

### IV.     Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the Court DENY Payne's motion for preliminary injunction and temporary restraining order.

Any party has fourteen days after being served with this Report and Recommendation in which to file any written objections to it. A party opposing any objections filed shall have fourteen days after being served with the objections in which to file any response. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of further appeal of the matters it addresses. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Entered this 23rd day of July, 2018.

ALISTAIR E. NEWBERN
United States Magistrate Judge

---

[1] The Court need not, and does not, decide when the duty to preserve attached because that question is not raised by Payne's motion.