UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY PAYNE,<br><br>  Plaintiff,<br><br>v.<br><br>KEVIN GENOVESE, et al.,<br><br>  Defendants. | Case No. 3:17-cv-01410<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:  The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

This civil rights action brought under 42 U.S.C. § 1983 arises out of pro se and *in forma pauperis* Plaintiff Larry Payne's incarceration at the Turney Center Industrial Complex (TCIX) in Only, Tennessee, which is run by the Tennessee Department of Correction (TDOC).[1] (Doc. No. 55.) Payne alleges that Defendants Kevin Genovese, Stacy Oakes, Jason Clendenion, and Rita Edwards violated his Eighth Amendment rights and that certain defendants retaliated against him for filing grievances related to medical issues with his feet. (*Id.*) Now before the Court is Payne's motion for partial summary judgment (Doc. No. 107), to which the defendants have responded in opposition (Doc. No. 114), arguing that Payne has failed to support his motion with citations of evidence in the record as required by federal and local rules. Upon consideration of the parties' briefs and the record as a whole, and for the reasons that follow, the Magistrate Judge will recommend that the Court deny Payne's motion.

---

[1]  Payne is now incarcerated at the Whiteville Correctional Facility in Whiteville, Tennessee.

## I. Factual and Procedural Background

Payne initiated this action on October 27, 2017 (Doc. No. 1), and filed an amended complaint with the Court's leave on August 13, 2018 (Doc. No. 55). Payne's amended complaint alleges that, while he was incarcerated at TCIX, Defendants Genovese, Oakes, Clendenion, and Edwards were deliberately indifferent to his serious medical needs—including his need for prescribed orthopedic shoes and to be transferred to a flat-land facility because of problems with his feet—and that some of the defendants retaliated against him for filing grievances related to those issues. (*Id.*) Specifically, Payne alleges that all four defendants, acting in their official and individual capacities, violated his Eighth Amendment rights by failing to transfer him to a flat-land facility. (*Id.*) Payne further alleges that Genovese violated his Eighth Amendment rights by refusing to allow him to order special shoes as directed by his doctors and failing to provide him with prescribed physical therapy, that Oakes and Clendenion retaliated against him for filing related grievances by placing him in segregation, and that Oakes took away all of his property in retaliation for his filed grievances. (*Id.*)

The defendants moved to dismiss some of Payne's claims against them, arguing that the Eleventh Amendment barred Payne's claims for money damages against all of the defendants in their official capacities and that the amended complaint lacked sufficient factual details to support parts of Payne's claims against Genovese, Oakes, and Clendenion. (Doc. Nos. 56, 57.) The Court granted in part and denied in part the defendants' motion, dismissing Payne's claims for money damages against all four defendants in their official capacities, his claim that Genovese was deliberately indifferent to Payne's medical needs based on a failure to provide him with physical therapy, and his claim that Oakes transferred him to segregation in retaliation for his filing grievances. (Doc. No. 97.) The Court declined to dismiss Payne's claim that Clendenion was deliberately indifferent to his medical needs by failing to transfer him to a flat-land facility and

allowed that claim to proceed along with the other unchallenged claims made in the amended complaint. (*Id.*) Payne's claims for deliberate indifference against Genovese based on failure to provide Payne with prescribed orthopedic shoes and failure to transfer Payne to a flat-land facility also survived the defendants' motion to dismiss, as did his retaliation claims against Oakes based on her taking Payne's property and telling him that he would not be transferred to a flat-land prison if he kept filing grievances and his retaliation claim against Clendenion based on his placement in segregation. (Doc. Nos. 97, 103.)

While their motion to dismiss was still pending, the defendants filed a motion for partial summary judgment, arguing that Payne failed to administratively exhaust some of his claims. (Doc. No. 65.) Payne responded by filing a motion to compel (Doc. No. 74), which the Court construed as a motion under Federal Rule of Civil Procedure 56(d) requesting discovery of facts necessary to oppose the defendants' motion for partial summary judgment (Doc. No. 103). The Court granted Payne's motion, ordered the defendants to produce certain records and documents, and directed the Clerk's Office to administratively terminate the defendants' motion for partial summary judgment without prejudice to refiling. (Doc. No. 103.)

Payne then filed a motion for partial summary judgment asking the Court to rule in his favor on his claims that (1) Genovese was deliberately indifferent to his medical needs by refusing to follow doctors' directives regarding Payne's need for orthopedic shoes; (2) Clendenion retaliated against Payne by placing him in segregation; (3) Oakes retaliated against Payne by confiscating his property; and (4) Clendenion, Oakes, and Edwards were deliberately indifferent to Payne's medical needs by refusing to transfer Payne to a flat-land facility as directed by a doctor. (Doc. No. 107.) In support of his motion, Payne filed a statement of undisputed facts and several exhibits comprised of TDOC medical records concerning his feet and related requests for medical

3

assistance. (Doc. Nos. 107-1–107-7, 108.) The defendants responded in opposition, arguing that Payne failed to cite particular parts of the record in support of his claims, as required by federal and local rules, and thus has not shown that summary judgment is appropriate. (Doc. No. 114.) In the alternative, the defendants argue that summary judgment is not warranted because Payne failed to exhaust his administrative remedies regarding his deliberate indifference claims against Genovese and his retaliation claims against Oakes and Clendenion, and because the record evidence does not support Payne's deliberate indifference claims against Oakes, Clendenion, and Edwards based on their failure to transfer Payne to a flat-land facility. (*Id.*) Payne did not file a reply.

**II.     Legal Standard**

In resolving a motion for summary judgment, the Court must undertake "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Under Federal Rule of Civil Procedure 56, a court must grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law[,]" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (citation omitted); *see also Blizzard v. Marion Tech. Coll.*, 698

F.3d 275, 282 (6th Cir. 2012) ("Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))). The parties "must support" their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or, alternatively, by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B); *see also* M.D. Tenn. R. 56.01(b) (statement of undisputed material facts) (requiring any party moving for summary judgment, including those proceeding pro se, to submit a statement of undisputed material facts "supported by specific citation[s] to the record"). Courts must view the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). However, the non-moving party must show more than "[t]he mere existence of a scintilla of evidence in support of" his or her position. *Anderson*, 477 U.S. at 252. In order to proceed to trial, "there must be evidence on which the jury could reasonably find" for the non-moving party. *Id.*

**III.    Analysis**

Payne has not carried his initial burden to demonstrate the absence of any genuine disputes of material fact by pointing to particular evidence in the record. *See Celotex Corp.*, 477 U.S. at 323; M.D. Tenn. R. 56.01(b). While Payne submitted a statement of thirty-one material facts that he asserts are undisputed (Doc. No. 108), he has not provided any record citations to support that assertion. He also has not submitted a sworn affidavit to support his own testimony, and the

5

Case 3:17-cv-01410    Document 116    Filed 10/24/19    Page 5 of 6 PageID #: 994

allegations of his amended complaint are not sworn or verified. Review of the record shows that the available evidence is insufficient to support Payne's assertions of undisputed material facts in support of summary judgment. Accordingly, Payne has not shown that summary judgment is appropriate. *See Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003) ("The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts.").

### IV.     Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Plaintiff Payne's motion for partial summary judgment (Doc. No. 107) be DENIED.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 24th day of October, 2019.

*[signature]*
ALISTAIR E. NEWBERN
United States Magistrate Judge